# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARY PARRISH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:22-cv-00511-GMN-DJA |
| vs. | ) | |
| | ) | **ORDER** |
| EVERI PAYMENTS INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendants Everi Payments Inc. and Everi Holdings Inc. (collectively, "Defendants"). Plaintiff Mary Parrish ("Plaintiff") filed a Response, (ECF No. 9), to which Defendants filed a Reply, (ECF No. 15).

Also pending before the Court is the Motion to Remand, (ECF No. 10), filed by Plaintiff. Defendants filed a Response, (ECF No. 16), to which Plaintiff filed a Reply, (ECF No. 17). For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Defendants' Motion to Dismiss as moot.

## I.  BACKGROUND

This case arises from Defendants' alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA"). (*See generally* Compl., ECF No. 1-2). Plaintiff alleges that she used her personal credit or debit card to perform numerous cash-access transactions with Defendants over the course of several years. (*Id.* ¶ 51). According to the Complaint, each of the receipts for these transactions bore Plaintiff's personal information, including the first four and the last four digits of her account number. (*Id.* ¶¶ 53–54).

Plaintiff initially filed her Complaint, which alleges only one cause of action under FACTA, a federal statute, in state court. (*See generally id.*). Defendants then removed the case

1  to this Court, asserting that federal subject matter jurisdiction exists because the sole cause of

2  action arises under federal law. (Pet. Removal 2:17–25, ECF No. 1).  Shortly after petitioning

3  for removal, Defendants filed the Motion to Dismiss, asserting that (1) Plaintiff lacks standing

4  under Article III of the U.S. Constitution, (2) remand would be futile, and (3) alternatively,

5  Plaintiff fails to state a claim upon which relief can be granted. (*See generally* Mot. Dismiss,

6  ECF No. 6).  Plaintiff then filed the Motion to Remand, arguing that Article III standing is a

7  threshold jurisdictional issue, and therefore Plaintiff's lack of standing mandates remand to

8  state court. (Mot. Remand 4:9–6:22, ECF No. 10).  Additionally, Plaintiff requests attorneys'

9  fees and costs in light of Defendants' "objectively unreasonable removal." (*Id.* 6:23–7:18).

## II.    LEGAL STANDARD[1]

11         "Federal courts are courts of limited jurisdiction," and "possess only that power

12  authorized by Constitution and statute, which is not to be expanded by judicial decree."

13  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations

14  omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden

15  of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations

16  omitted).

17         The federal removal statute provides that a defendant may remove an action to federal

18  court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441.  "The

19  'strong presumption against removal jurisdiction means that the defendant always has the

20  burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor

21  of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)

22  (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam)).  "If at any time

23  ///

---

[1] Because the Court finds that remand is proper, the Motion to Dismiss is moot.  Accordingly, the Court provides the legal standard for remand only.

1  before final judgment it appears that the district court lacks subject matter jurisdiction, the case

2  shall be remanded." 28 U.S.C. § 1447(c).

3  **III.   DISCUSSION**

4  The parties agree that Plaintiff lacks Article III standing.[2]  "Standing is an aspect of

5  subject matter jurisdiction."[3] *Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*,

6  471 F.3d 1100, 1106 n.4 (9th Cir. 2006).  Thus, "[n]either side believes this case belongs in

7  federal court;" the issue, then, is whether the Court "must remand the case to state court or

8  instead dismiss it outright." *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill.

9  2016) (remanding FACTA action to state court for lack of Article III standing).

10  "[A] removed case in which the plaintiff lacks Article III standing *must* be remanded to

11  state court under § 1447(c)." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir.

12  2016).  Indeed, without Article III standing, the Court lacks jurisdiction to reach the merits of

13  the case. *Fleck & Assocs., Inc.*, 471 F.3d at 1106 n.4.  Moreover, removing defendants, "as the

14  party asserting federal jurisdiction, bear the burden of establishing [a plaintiff's] Article III

15  standing." *Garcia v. Kahala Brands, LTD.*, No. CV 19-10062-GW-JEMX, 2020 WL 256518,

16  at *1 (C.D. Cal. Jan. 16, 2020); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)

17  ("The party invoking federal jurisdiction bears the burden of establishing [the elements of

18  standing].").

19  *///*

20

21

---

22  [2] Because no party argues to the contrary, the Court assumes Plaintiff lacks Article III standing to bring her FACTA claim in federal court.

23  [3] "The irreducible constitutional minimum of standing" is comprised of three elements: (1) The plaintiff must have suffered an "injury-in-fact," which is a "concrete and particularized" invasion of a legally protected interest; (2) there must be a "causal connection" between the plaintiff's injury and the defendant's action; and

24  (3) it must be "likely" that the plaintiff's injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  A mere statutory violation is insufficient to establish an injury-in-fact.

25  *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016); *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 781 (9th Cir. 2018) (applying *Spokeo* to FACTA claim).

Defendants removed this action to federal court only to move to dismiss for lack of standing.  Because Defendants cannot or will not bear their burden of demonstrating that this Court has jurisdiction over this case, the Court must remand the case to state court. *See Mocek*, 220 F. Supp at 914; *Donahue v. Everi Payments, Inc.*, No. 19 C 3665, 2019 WL 13253793, at *2 (N.D. Ill. Aug. 19, 2019) (remanding similar FACTA claim against same defendants as in this case because defendants failed to meet burden of establishing Article III standing).[4]

The Court now turns to Plaintiff's request for attorneys' fees and costs.  "An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)).  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.*

Although this case "arises under" federal law, Defendants did not have an objectively reasonable basis for removal.  Defendants "assert[ed], then immediately disavow[ed] federal jurisdiction, apparently in hopes of achieving outright dismissal." *Mocek*, 220 F. Supp at 914. And, other courts have remanded nearly identical claims. *See, e.g.*, *id.* (remanding FACTA claim for lack of Article III standing instead of granting motion to dismiss for lack of standing). Indeed, Defendants themselves have previously attempted to remove a FACTA claim lacking Article III standing only to be remanded to state court. *See Donahue*, 2019 WL 13253793, at

///

///

---

[4] Defendants cite *ASARCO Inc. v. Kadish*, 490 U.S. 605 (1989) for the proposition that this Court may address the Motion to Dismiss despite Plaintiff's apparent lack of standing. (Resp. Mot. Remand 4:3–5:18, ECF No. 16). Defendants fail to persuade the Court to apply a case involving different claims with distinguishable procedural history when cases directly on point urge the Court to remand.  Additionally, Defendants argue that remand would be futile because a state court would ultimately dismiss Plaintiff's Complaint. (*Id.* 9:13–10:14).  The Court declines to predict how a state court would rule.  Moreover, this Court lacks jurisdiction to reach the merits of Defendants' Motion to Dismiss.

1  \*2.[5]  The Court is therefore inclined to grant an award of attorneys' fees and costs.  However,

2  Plaintiff has not yet submitted billing records and a report of costs pertaining to the preparation

3  of the instant Motion to Remand. (*See* Mot. Remand at 7 n.2) (requesting leave to submit

4  relevant documentation of attorneys' fees and costs).  Thus, the Court retains jurisdiction after

5  remand to address Plaintiff's request for attorneys' fees and costs. *Moore v. Permanente Med.*

6  *Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992) ("[B]ecause the award of attorney's fees pursuant

7  to 28 U.S.C. § 1447(c) is collateral to the decision to remand, the district court retained

8  jurisdiction after remand to entertain Plaintiffs' motion for attorney's fees.").

9  **IV.   CONCLUSION**

10  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 10), is

11  **GRANTED.**

12  **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 6), is

13  **DENIED as moot**.

14  **IT IS FURTHER ORDERED** that that the case is hereby remanded to the Eighth

15  Judicial District Court for Clark County, Nevada, for all further proceedings.

16  **IT IS FURTHER ORDERED** that this Court retains jurisdiction over the request for

17  attorneys' fees.  Plaintiff shall have until May 19, 2023, to file a motion for attorneys' fees,

18  which will follow the normal briefing schedule.

19  **DATED** this __4__ day of May, 2023.

20

21  _____

22  Gloria M. Navarro, District Judge
   UNITED STATES DISTRICT COURT

23

24

25  [5] The *Donahue* court declined to grant attorneys' fees and costs. *Donahue*, 2019 WL 13253793, at \*2.  In that
   case, however, defendants had not yet challenged plaintiff's standing. *Id.*  Here, Defendants simultaneously
   assert jurisdiction while refuting standing, a necessary component of federal jurisdiction.